[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The corporate plaintiff, Saluki Investors Corp. instituted the present action asserting that it is a general partner in the defendant, GP Station Partners ("GPS"), a New York Limited Partnership with its principal and only office located in Greenwich, Connecticut. The individual plaintiff, Ralph E. Becker, has also instituted a suit against GPS asserting that he is a creditor of GPS and the owner of 90% of the capital stock of the corporate plaintiff. The plaintiff further alleges that I, Martin Pompadur, ("Pompadur") is the managing general partner and a salaried employee of GPS and that the corporate plaintiff, Pompadur and another individual are the general partners of GPS. The plaintiff alleges that Pompadur has made a demand upon the partnership for unpaid salary and unreimbursed advances and expenses and has asserted a claim against the plaintiffs for such sums.
The plaintiff further claims that the sole activity of GPS is to provide management services for a Delaware Limited Partnership which shares its principal office with GPS in Greenwich, Connecticut. The plaintiff further alleges that the services rendered by Pompadur to GPS are disproportionate to, and substantially in excess of, the value of such services to GPS. The plaintiff further alleges that the partnership is unable to meet its financial obligations and that the general partners cannot agree on the management of GPS. The complaint seeks a dissolution of GPS, the appointment of a temporary and permanent receiver of GPS and such other relief as to equity may appertain.
GPS has moved to dismiss the action on the grounds that Connecticut Courts lack subject matter jurisdiction to dissolve a New York Limited Partnership and asserts the court lacks jurisdiction to appoint a receiver pending resolution of the CT Page 5987 complaint seeking dissolution. Specifically, GPS claims that General Statutes 34-28b provides that the Superior Court may decree a dissolution of a limited partnership which is defined, in General Statutes 34-9(8) as a partnership formed "under the provisions of this chapter." GPS also notes that under General Statutes 34-9(5), a foreign limited partnership is specifically defined. Accordingly, GPS claims that our statutes do not provide for a dissolution of a New York Limited Partnership. GPS also claims that under General Statutes 52-509 the appointment of a receiver is limited to those situations in which a partnership is dissolved. The plaintiffs claim that they are not proceeding under the statutes referred to by GPS, rather, are seeking to invoke the equitable powers of the court set forth in such cases as Horton v. Hydro Systems International Inc., 16 Conn. App. 420, 430-432
(1988).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the same general class to which the proceedings in question belong." Gurliacci v. Mayer, 218 Conn. 531,542 (1991). There is no doubt that Connecticut Courts have the power to determine requests for equitable relief directed to non-resident limited partnerships who maintained their principle place of business in the State of Connecticut. It is therefore unnecessary to decide whether the plaintiffs can obtain all the equitable relief they seek.
Accordingly, the motion to dismiss is denied.
RUSH, J.